1019-14

ORIGINAL

No. 07-13-00254-CR

IN THE
COURT OF APPEALS
FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 06 2015

Abel Acosta, Clerk

EDDIE JONES,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

FILED IN
COURT OF CRIMINAL APPEALS

FEB 06 2015

Abel Acosta, Clerk

Brief for Appellant
Eddie Jones
pro-se

Eddie Jones
pro-se
Stiles - Unit
3060 FM 3514
Beaumont, Texas - 77705
7-G-41-B

A complete list of parties to this case includes:

Eddie Jones, Appellant

For The Appellant:          For The State of Texas:

Hon. David J. Hazlewood      Hon. Jennifer Basset

Attorney-At-Law              Assistant Criminal District Attorney

SBOT No. 09310400            SBOT #02145532


Hon. Anne M. Hazlewood       Hon. W. Jaret Greaser

Attorney-At-Law              Assistant Criminal District Attorney

SBOT No. 14468350            SBOT #24045974

                             State's Attorneys At Trial only

Hazlewood & Hazlewood

1107 Avenue K

Lubbock, Texas - 79401

(806) 765-8536

Fax (806) 765-6381

Attorneys for the Defendant/Appellant,

At trial only

      Mike Brown             Hon. Jeffrey Ford

      Attorney-At-Law        Asst. Criminal District Attorney

1601 Broadway                SBOT NO. NO. 24047280

Lubbock, Texas 79401         P.O. Box 10536

   (806) 763-9493            Lubbock, Texas 79408

   (806) 744-5411 (Fax)      (806) 767-1100

State Bar No. 03164750       (806) 767-1154 (fax)

Attorney for Appellant,      State's Attorney on Appeal only

   ON Appeal only

# Table of Contents

| | page |
|---|---|
| Parties | 2 |
| Tables of Contents | 3 |
| Index of Authorities | 4 |
| Statement Regarding Oral Argument | 5 |
| Statement of the Case | 6 |
| Statement of Procedural History | 7 |
| Grounds for Review | 8a 8b |
| Argument | 9a, 9b |
| Prayer for Relief | 10 |
| Appendix | 11, 11b |
| Trial Concerning Punishment | 11 |
| Appellant's Point of Error | 12-13 |
| Preliminary Statement | 14a 14b - Right side |
| Trial of Guilt or Innocence | 14, 15, 16 17 18 19 |

## Index of Authorities

Cook v. State, 88 Tex. Crim. 659, 228 S.W. 213, 216 (1920) _ _ 18, 15 19

Heckathorne v. State, 697 S.W. 2d 8, 12 (Tex. App. 14th Dist., 1985) _ _ 15 16 17

Hernandez v. State, 651 S.W. 2d 746, 752 (Tex. Crim. App. 1983) _ 15 16 17

Hindman v. State, 152 Tex. Crim. 75, 211 S.W. 2d 182, 185 (1948) _ _ _ _ 15 16 17

~~Scoggan v. State~~, Glen Dale Jones v. State 789 S.W. 2d 330 Tex. App 14th Dist. 1990) 15, 16

Scoggan v. State, 736 S.W. 2d 234, 241 (Tex. App. Corpus Christi 1987) _ _ 15 16

Uhl v. State, 479 S.W. 2d 55, 56 (Tex. Crim. App. 1972) _ _ _ _ 16 15, 18

Villareal v. State, 511 S.W. 2d 500, 501 (Tex. Crim. App. 1974) _ _ _ _ 14 16, 17, 19

## STATUTES & RULES

Vernon's Ann. Texas C.C.P. Art. 38.07

Texas Code Crim. Proc. Ann. Art. 38.07 (Vernon 1990)

Texas Penal, Code Ann. § 22.011(a)(2)(A)(i)

Chapter 21, Section 22.011 or Section 22.021, Penal Code.

### lesser- included Offense

Bigley v. State, 865 S.W. 2d, 26, 27 Tex. Crim. App. 1993

Easter v. State 941 S.W. 2d 130, 132 Tex. Crim. App 1997

Heath v. State, 817 S.W. 2d 335, 340 Tex. Crim. App. 1991

Ninag v. State, 941 S.W. 2d. 198, 201 Tex. App. 1996

On the Incident Report, Sexual Assault in the first paragraph is stated that A white/Female came to the Slaton P.D. And reported that she had been Sexually Assaulted, during the month of November 2010, Lynda Sue Bernal is not white; she all spanish.

5a

## Statement Regarding Oral Argument

This is a short statement of why oral argument would be helpful and a Statement why oral argument should be heard.

In Volume 5 of 7 Reporter's Record, Lynda Sue Bernal Direct examination, Their no proof of her age or birth-Certificate, and all through her examination the Assistant Criminal District Attorney, Ms. Jennifer Bassett help the Slaton Police and help Lynda Bernal by fabricate this case. This would be helpful if the Authorities could review this case; Just to show that Lynda Sue Bernal was never rape and to show that the Slaton Police Department did practiced child-pornography on Lynda Sue Bernal and her 14-year old girl-friend Destiny Shartay Dickson (12-29-96). Am not filed a cross-petition, I can work and get back all the things I have lost.

Also in Appeals counsel Mike Brown Attorney for the Appellant, Eddie Jones, Also cover-up for Lynda Sue Bernal, by saying Ms. Bernal date within the limitations period. Vol.5, p. 163, on this page 163 their no date; And two (2) witness testify, Ms. Jones and Lynda Bernal Mother testify that they did not know that Lynda Bernal had been rape until After she had the baby 10-11-month, R.R. Vol 5 of 7 p. 58-23, 24 p. 59-14-24 R.R. Vol 5 of 7- p. 60-3, R.R. Vol 5 of 7 p. 60-16, 17, 18, R.R. Vol p. 92-21, 22, 23. R.R. Vol. 5 of 7 p. 97-13-25. R.R. Vol 5 of 7 p. 101-1-8.

By allowed this argument to be heard; this would put a stop to all of the West Texas Town Police Department or at lease put the Town's under investigation, of Practiced Child-Pornography. The-depiction (as in writing) of erotic behavior designed primarily to cause sexual excitement.

Vernon's Ann. Texas C.C.P. Art. 38.01.

Pro Se for Appellate is able to identify an error in the pretrial hearing in this case conducted on February 24-2012.

The Trial counsel Mr. D. Hazlewood should have objections the State's witness list, because the list was from the Appellate who gave Mr. Hazlewood the list. Also their was a <u>decease</u> person on the State's witness list, and a 14-year old girl on the list that did not testified, and several's other's who were include in this list, that the State's would not called to testify. Mr. Hazlewood presented ~~me~~ no objections when the State filed a <u>Motion in Limine</u> to cover-up child-pornography, when the Slaton Police Department had a turnover in Slaton P.D. and had to get a new administration. Vol. 3 of 7 p. 8, 17-24 R.R. P.H.

Defense counsel formally filed his Motion to re-test DNA of paternity (R. p.34). The trial court did not rule on that request in the April 13th hearing; the trial court abused its Discretion and erred in denying Appellant's Motion for DNA Testing C.R. p.39. R.R. Vol 4

June 24, 2013. Nevertheless, counsel presents the following potential ground for Appeal. Motion for DNA testing, and Motion for Motion for Discovery, Production and Inspection of evidence, in a New Case, ~~me~~. Motion ~~me~~ for discovery policy.

The state did not give a list of witness the state intends to call or criminal history of each witness.

Mr. D. Hazlewood the Counsel for Appellate was working for the state, and was Ineffective Assistance of counsel.

How did the state get their list, the same list that Eddie Jones gave Mr. D. Hazlewood.

## Statement of the Case.

This is a fabricate sexually Assaulted case, that the Slaton Police Department and the Assistant Criminal District Attorney Jennifer Bassett Abriente during Trial Court. High Authorities Need to look or review the cross-examination of Lynda Sue Bernal And review all of this that Pro-se Eddie J. Jones is mailing them, like the Slaton Police incident report #11-00468 Ms Bernal interviewing with Sergeant Robby S. Wedeking And Ms. Bernal witness-statement by Sergeant Robby S. Wedeking And Detective David-Wood incident report #11-00468 (1)(2)(3)(4) page's And the location where each officer's said the Sexually Assaulted had occurred; Look At the 2012 Google-Map of the street's of Slaton Texas and Look At the History: Weather Underground, Lubbock Airport, Nov. 2010-11-7-Monthly History. Ms. Bernal stated in her Direct examination when question's was in Cold or Not, she said it was hot at 2-or 3 A.M. Time in the Month of November, in West Texas. The Weather report show cold. All fabricate of A Sexually Assaulted of A child in the 137th District Court of Lubbock County, Texas.

Grounds, Ms. Lynda Sue Bernal did Not inform Anyone of the offense until More than Six Months After underlying Incident.

Vernon's Ann. Texas C.C.P. Art. 38.07.

Lynda Sue Bernal uncorroborated testimony can Not support this conviction of A fabricate sexual Assault of A child; because Bernal did Not inform Anyone of the fabricate offense until more than Six Months After the underlying Incident. November 01-2010 to September 29-2011.

Statement of Procedural History
The date Notice of Appeal, July 31-2013 AM 10:56
Mike Brown on Appeal          July 25-2013 AM 11:44
The date for Motion for New Trial July 22-2013 PM 1:43
Eddie Jones, Defendant did Not Know that A Motion for A
New Trial had been filed until Jones was imprisonment at the Stiles-
Unit in Beaumont, Texas, when he received his Transcription's.

Motion For New Trial was never grant or Denied.


A.   You have the incident #11-00468 report by Wedeking, R..
B.   you have the incident #11-00468 (1) (2)(3) and the diagram, by
     Detective David Wood.
C.   you have Ms. Bernal interviewing, witness Statement, Google map,
     And Weather Underground Freezing Temperature.

     Read the interviewing first and look at the Google map for the
location, Then read Ms. Bernal witness Statement and look for the
location and read Detective David Wood incident report and read his
diagram, And you will see that this was All fabricate by the State and
the Slaton Police Department.
          Three (3) differ location of A sexually Assaulted.
the Weather Underground will show that it was impossible for two (2)
people's to have sex on the side of a street at 2 or 3 A.M. time.

8A

### Grounds for Review.

(1) Appellant claims that, because Tex. Code Crim. Proc. Ann. Art. 38.07 requires corroboration if the complainant failed to inform Another person of the incident within six-months after the date of the alleged offense, the uncorroborated testimony of the complainant in this case was insufficient to support this conviction. Art. 38.07 provides.

(2) The court should have instruct the jury that the time which lapsed between the alleged offense And the time it was reported shall be considered by the jury only for the purpose of Assessing the weight to be given to the testimony of the victim.

(3) Because the State failed to present any evidence corroborating the complainant's testimony, the conviction cannot be sustained. See Tex. Code. Crim. Proc. Ann. Art. 38.07 (Vernon 1990).

(4) Read the incident Report #110508, incident #11-00468 by Sergeant Robby's wodeking Slaton Peace officer, Detective David Wood, Lt. Trevor Barnes, Slaton Police officer. And read the interviewing of Ms. Lynda S. Bernal and MS. Bernal witness Statement case # 11-0508 and read the Google map and look for the location, where each officer's said the assaulted occurred. Then read Ms. Bernal witness Statement and you will see that it Pornography. The depiction (as in writing) of erotic behavior designed primarily to cause sexual excitement.

(5) There three(3) location; and there the false sketch crime scene from Lt. T. Barnes And Detective D. Wood, And A diagram. hook at the History of the Weather Underground. http://printer.wunderground.com/history/airport/KLBB/2010/11-7/monthly History.html? pri 7/7/2012 Lubbock In. Airport.

Freezing temperature All month of November; too cold to have sex on the streets.

1, 2, 3, 4 and 5 Are All Grounds.

*Mentioned Grounds for Review*
*Questions*

Corroborate ; the word <u>informed</u> was used twice in this case; R.R. Vol. 5 of 7, p. 239-20, 22 , who did Ms. Bernal informed before her six month's statute limitations period. No body.

The word <u>Tell</u> was never used, in R.R. Vol. 5 of 7

The word <u>did</u> was never used, in R.R. Vol. 5 of 7

Did you, Lynda Sue Bernal tell anyone before you had the baby. Lynda Sue Bernal, did Eddie Jones rape you. <u>NO</u>, that question was never ask, in R.R. Vol. 5 of 7.

The word <u>Notify</u> was never used in R.R. Vol. 5 of 7. Lynda Sue Bernal did you Notify anyone before you had your baby. <u>NO</u>

The word <u>Told</u> was never used in R.R. Vol. 5 of 7 Lynda Sue Bernal; I told no-body about this; Until I made the police reported, on September 29, 2012

The word <u>Relationship</u> was never used to see if Lynda Sue Bernal and Eddie Jones had a relationship, it was used 10-time with Lynda Sue Bernal and the 14-year old friendy of Bernal, <u>Destiny S. Dickson</u>, R.R. Vol. 5 of 7 page 59-24 p. 65-23. p. 71-13. p 72-1. p 72-5. p. 78.1 p 80-7. p. 122-10 p. 176-24. p 177-10. who never testify for Ms. Bernal.

Threatened was used to get Ms. Bernal to make or go along with the fabricate sexual assaulted. R.R. Vol. 5 of 7 page 65-16-25 threating Ms. Bernal to lie and make up more lie's.

## Argument

~~Grounds for Argument or Review~~

Statute exempting only victims under age of 14 from outcry requirement necessary to support conviction of sexual assault of a child without corroboration of victim's testimony evidences legislative intent to require timely outcry from victims 14 years of age or older or conviction is unsupportable on uncorroborated testimony of victim. Vernon's Ann. Texas C.C.P. art. 38.07.

Fourteen year-old victim's uncorroborated testimony could not support conviction for sexual assault of a child; victim did not inform anyone of offense until more than six months after underlying incident.

Vernon's Ann. Texas C.C.P. art. 38.07. Heckathorne V. State 697 S.W.2d 8, 12-13, Lynda Sue Bernal (08-08-1994) was 16 at the time the Slaton Police Department, Sergeant Robby D.S. Wedeking fabricate the Sexually Assaulted; Assistant Criminal District Attorney Jennifer Basset claims that the Sexually Assaulted occurred sometime in November 2010. R.R. Vol. 5 of 7 page 14-15-25. Also Ms. Jones did not know about the Sexually Assaulted until September 29, 2011 ~~after~~ After Ms. Bernal had the baby. R.R. Vol. 5 of 7 - p. 58-23, 24 page 59-14-24, R.R. Vol. 5 of 7 - p. 60-3, R.R. Vol 5 of 7 page 60-16, 17, 18. Ms. Jones testify that she did not no. Amanda Gatica, Lynda Sue Bernal Mother testify that she did not know who raped her until after Matthew was born. R.R. Vol. p. 92-21, 22, 23. R.R. Vol 5 of 7 p. 95-25, Amanda Gatica testify that she didn't know that Lynda had been raped. That along uncorroboration the Victim conviction. R.R. Vol. 5 of 7 page 97-13-25. Amanda Gatica also testify ~~that~~ She steel did not know that Eddie Jones had rape her daughter until Sept. 2011 when Lynda Sue Bernal made the police report. R.R. Vol. 5 of 7 p. 101-1-8.

Case; Heckathorne V. State, 697 S.W.2d 8, 12-13 Tex. App. 14th Dist. 1985    Scoggan V. State, 736 S.W. 2d 239, 241 (Tex. App. - 1987

## Argument

My reason for you all to granting review, is to let you all who have the Authorities, to see that in the Trial Court; and during Ms. Lynda Sue Bernal Direct Examination in the Reporter's Record Volume 5 of 7, Lynda Sue Bernal and Eddie James Jones had a sexually relationship. Vol. 5 of 7 RRp.168-15,16 Lynda Sue Bernal coming from Miguel Fuentes house after leaving Eddie Jones house.

All so this Case was fabricate, because Lynda Sue Bernal said she was over Miguel Fuentes residence, her and Josh, And Michelle and not one of them Jose, Michelle or Miguel Fuentes testify for Lynda Sue Bernal, not one of them was call up As a witness for me Eddie Jones. R.R.V. 169-24

In order to go to the SPOt Club you must be 18 or older; Lynda said that she been in the SPOt Club befour. RRV. page 170-18,19,20.

And if Lynda Sue Bernal was Allowed to leave Miguel Fuentes residence At 2:00 or 3:00 A.M. time, Why didn't Miguel Fuentes And Michelle and Josh get charge with Child-endangerment for Allowed a 16-year old girl to leave their home At that time of night.

Also why didn't Lynda Sue Bernal, Mother Amanda Marie Gatica didn't get charge for Child-endangerment for Allowed her daughter to walk the streets At that time; Ms. Gatica Also did not go to the Slaton Police Department with her daughter; why; because Ms. Gatica new About the relationship her daughter was having with Eddie Jones. R.R. Vol. 5 of 7 p. 172, 1-21

False diagram RRV. 5 of 7 page 193-16   195-5,6,7,8.

State Exhibit 6 through states exhibit 27 RRV. 5 of 7-161-11, 12,13.   Heckathorne V. State, 697 S.W.2d 8, 12-13 Tex. App.

Scoggan V. State, 736 S.W.2d 239, 241 Tex. App. 1987

## Prayer for Relief

First of All; Eddie Jones did not rape Lynda Sue Bernal, the two of us No what happen; And that is Lynda And Eddie had sex At Eddie house; Lynda came over to Eddie house At her own will; over And over. The two Lynda And Eddie did Not practiced safe sex And Lynda got pregnancy And Lynda Asked Eddie to go to CVS And buy her A premature box for $22:00 And Lynda took the test And told Eddie that she was pregnancy And that she want to have the baby. After having the baby; Lynda did Not put Eddie Jones Name on the baby Birth-Certificate. Eddie Jones do Not Know Any-thing about DNA, but if the DNA placed him As the biological father After A New testing, Eddie Jones will take full responsibility in helping raise his Son. Lynda Sue Bernal Might have been 16-year old At the time, Eddie Jones did not Know, because Lynda was Not in school At the time, And was driver's her mother car Around Town. Lynda NO All About sex, And the Bird And Bee, And other's things. Lynda will Need help with this boy And I Am willing to help, like I told her in All of my letter's that the D.A. would Not read in court.

I Prayer for Relief; So that baby Bernal will have the opportunity that A lot of boy's have in this County; And that is to be raise by his biological father, Something that Eddie Jones did Not have.

A man who has friends must himself be friendly, but there is a friend who sticks closer than a brother. Amen.

for Matthew R. Bernal from Eddie Jones

Eddie Jones was convicted on the basis of the uncorroborated testimony. Eddie Jones did his time imprisonment at the Texas Department of Criminal Justice Institutional Division on the enhancement allegations of the indictment. R.R. Vol.6 p.8.

## Summary of Argument

This is an Jones brief. See Jones v. State, 789 S.W.2d 330 After due diligence, and review of the Appellate record and researching the potential grounds for Appeal, Appellate pro se is able to find error which he, in good faith, can urge warranting a reversal of this conviction, or a new trial in support of a relief for this Appellant. See Heckathorne, 697 S.W.2d at 12-13. The outcry was not within the six-month statutory period.

Absent timely outcry, corroboration of the complainant's testimony was required to support Appellant's conviction. See Heckathorne Because the State failed to present any evidence corroborating the complainant's testimony, the conviction cannot be sustained. See Tex. Code Crim. Proc. Ann. Art. 38.07 (Vernon 1990).

New trial or Acquittal.

## Appellant's Point of Error

### State's Opening Statement

The District Attorney's Mr. Greaser, stated that Lynda Sue Bernal was rape in November, 2011, R.R. Vol, 5 of 7, p. 15-21, 22. (1) Error; In R.R. Vol, 5 of 7 p. 16-14, 15; Now District Attorney's Mr. Grenser stated that the rape took place on the side of the street in November of 2012 Error #(2).

The trial Court abused its Discretion and erred in ~~day~~ denying Appellant's Motion for DNA paternity testing, on April, 16-2012 am. 9:49 time.

On the 19 of April, 2012 Counsel file a Motion to Re-test the DNA and it was Granted, but was never testing, April 23, 2012 at 9:13 AM.

Presiding Judge John J. McClendon III, did not instructions the jury about the law's of the timely outcry. See Tex Cope. Crim. Proc. Ann. Art. 38.07 — (Vernon 1990). The 1983 Amendment evidences legislative intent to require timely outcry from Victim's fourteen years of age and older or the conviction is unsupportable on the uncorroborated testimony of the Victim.

District Attorney's, Mr. Greaser, stated twice that the Sexual Assault took place in November 2011 and 2012, but no date or day. Mr. Grenser was also trying to help fabricate this case.

Another Point of Error; In Mr. Mike Brown Appeal Brief for Eddie Jones, under Statement of facts, Mr. Brown stated that Lynda Sue Bernal, date within the limitations period, on page 4 and on page 8 of the Brief, But their no date, and on the R.R. Vol. 5. p. 163 their no date, and it's do not say anything about the limitations period - period.., this is another Cover-up. In the Slaton Police Department Incident Report #110508 in the first paragraph on the first page, it stated that a white/female came to the Slaton PD, and reported that she had been Sexually Assaulted, during the month of Nov. 2010, Ms. Bernal is Spanish not white and the word was spelled out. - white, on other paragraph it W/F, error's.

No. 07-13-00254-CR

IN THE

Court of Appeals

for the

Seventh District of Texas
Amarillo, Texas

Eddie Jones - pro-se for

Appellant

Vs.

THE STATE OF TEXAS

Jones    Brief For Appellant

To the Honorable Court of Appeals:

Comes Now Eddie Jones the undersigned pro-se of record for Appellant, and makes and files this, his Jones brief for Appellant, and would show this Honorable Court As follows, to-wit.

Preliminary Statement

This is an Appeal from the 137th District Court of Lubbock County, Texas, the Honorable John McClendon, Judge presiding. This is an fabricate appeal that Eddie Jones has to file. The jury convicted Eddie Jones of a fabricate Sexual Assault of a child; that the Police Department of Slaton Texas, Sergeant Robby Wedeking, Lieutenant Trevor Barnes, Jennifer Basset, W. Jarot Greaser the Assistant Criminal District Attorney fabricate during trial. Jennifer Basset Assistant Criminal District Attorney, David and Anne Hazlewood Along with John McClendon, the Judge presiding, Cover up child-pornography that the Slaton Police Department did on the two

young girl's Lynda Sue Bernal-17-year old And Bernal friend Destiny Shantay Dickson the 14-year old, when they came to the Slaton Police Department to report Eddie Jones for child support. Also detective David Wood And Ms, Deedra Page the Lubbock Rape Crisis Center employee Also participate in helping Cover up child-pornography. Lynda Sue Bernal did not have sex with Eddie Jones on the streets of Slaton, Texas And Sergeant Robby Wedeking fabricate this Sexual Assault.

Look At the statement of Lynda Sue Bernal And Look At the interviewing of Lynda Sue Bernal And see that there are two location of the fabricate Sexual Assault. Eddie Jones did not testify because of the staged jury And because John McClendon, the Judge presiding, said that he would certainly Admonish him outside the presence of the jury, And I'll go over some of these things in Addition to my--to my regular Admonishments As well. R.R. Vol. 5 of 7 page 241-7,8,9,10.

They did not want me to mention Child-Pornography if Eddie Jones testify.

And the DA, did Not want Eddie Jones to Mention child-Pornography, that why the DA, file A Motion in limine, because the Slaton Police Department got cough up A year Ago for practiced child-Pornography. Look At the internet And see where the Slaton Police Departement got into trouble for Child-Pornography. R.R. Vol 5 of 7 p. 240, 20

Read R.R. Vol. 3 of 7 p, 8, 22, 23, 24. The first detective went to jail, for P.C.P.

Robby Wedeking
( R.R, Vol. 5, pp. 18-32 )

Robby Wedeking is a police Sergeant employed by the City of Slaton Police Department. Wedeking was Advised by the Communications officer A. Wallace that he could Practiced Child-Pornography on Lynda Sue Bernal-12 And her friend Destiny Shartay-Dickson -the 14-year old; If he -Sergeant Wedeking could get Lt. T. Barnes to help him; by separate the two young girl's Away from there Mother And the other Adult. Vol. 5 of 7, -page 73-1-13 Wedeking was the first law enforcement officer to interview the victim. Linda Bernal. Lynda Bernal went to the Slaton police station on September, 29-2011 After her six-month statutory period had expire And reported the offense. (R.R. Vol. 5, p. 19) Wedeking took A statement form Bernal. The depiction (as in writing) of erotic behavior designed primarily to cause sexual excitement. Look At Ms. Bernal intervening and her Witness Statement.

There two location that Sgt. Wedeking said this Assault had occurred and they are Not one of them that Detective D. Wood indentified in his testimony. (R.R. Vol. 5. p. 24).

See the 2012 Googles-Map of the street's of Slaton, Texas -79364. Look At the interviewing of Lynda Sue Bernal And the location of the Assault, And then read the Statement of Lynda Sue Bernal And the location, then you will see that Sgt. Wedeking fabricate this crime scene up. Read Detective D. Wood incident report #11-00468(0)(1)(2)(3)(4) page And Look At his location And his sketch, All three (3) location. See Vernon's Ann. Texas C.C.P. Art. 38.07.

## Lynda Sue Bernal

Lynda Sue Bernal is Not a Victim of a rape. Lynda Sue Bernal and her Mother Amanda Gaticia came over to Eddie James Jones house several time. Lynda Sue Bernal came over to Eddie James Jones house Along, several time to have sex with him for money. Lynda Sue Bernal did not have sex with Eddie James Jones on the street's of Slaton Texas. The Slaton Police Department made up this case; So that they could Practiced-Child-Pornography on Lynda Sue Bernal and her friend, Destiny SHartay Dickson; the 14-year old girl. V,5 of 7 R.R. page 73 Sergeant Wedeking wanted to talk to her Along p. 73; 1,2,3,4,5,6,7,8,9. – 11 12 13 on page 73 V.R.R. 5 of 7  R.R-V-5 of 7. Lynda Sue Bernall got pregnant at 300 South Arizona Street which is Eddie James Jones residence. The Slaton Police Department fabricate this case. During the the trial Lynda Sue Bernal was told to go along with the D.A. are have her baby taken away from her. So she did what the D.A. told her to do. Lynda Sue Bernal did not tell her mother about this until September 29, 2011 5 month's after the limitations period had expire. In Lynda Sue Bernal testimony under R.R. Vol 5, p. 129-190) that Mike Brown counsel for Eddie James Jones Vol. 5, p. 163 and a date within the limitations period. Their no date at all; this is a cover-up for the trial counsel. The limitations had expire 5-month's ago. Vernon's Ann, Texas C.C.P. Art. 38.07

## Marsha Jones
### R.R. Vol. 5, pp.

Marsha Jones is the mother of Lynda Bernal's friend, Destiny. Jones knew Lynda well. Marsha Jones is the first person to whom Lynda reported the rape. ON September 29, 2011, Sometime After birth of her baby boy, Lynda reported the rape to Jones. See Tex. Code Crim. Proc. Ann. Art 38.07 (Vernon 1990). Thus, the 1983 Amendment evidences legislative intent to require timely outcry from victims fourteen years of age and older or the conviction is unsupportable on the uncorroborated testimony of the victim. The outcry was not within the six-month statutory period; the conviction cannot be sustained. Ms. Jones testified that Lynda/Bernal was lies. V, R.R. 5 of 7 page 75-22-23-24-25- 76-1,2.

## Amanda Gaticia
### (R.R. vol. 5, p. 82-128)

Amanda Gaticia is the mother of Lyndal Bernal, the victim, Amanda was the shepherding witness for the baby's birth certificate. state's exhibit #2. The birth certificate did not have Eddie James Jones name on it as the true biological father of the child Baby Bernal. Marsha Jones testified that Lyndal Bernal mother, Amanda Gaticia was mad because Lyndal went up to the police station and made this report. V. R.R. 5 of 7 page 78, 8, 9, 10, 11

Lynda Sue Bernal did not inform her mother Amanda Gaticia of the offense of sexually Assaulted, because the two of them's no that Eddie Jones did not rape or have sex on the street's of Slaton, Texas, during the month of November in freezing temperature; See Weather Underground. http://printer.wunderground.com/history/Airport/KLBB/2010/11/7/monthy History. html? pri... Lubbock Texas Airport. V.A.T. C.C. P. A. 38.07.

17.

## David Wood
### (R.R. Vol. 5, pp. 190-212)

David Wood is a police detective employed by the Slaton Police Department. He was assigned to conduct an investigation of this case. Det. Wood met with the victim, Lynda Bernal and her infant child on October 4, 2011 at the Slaton Police Department Wood accompanied Bernal to the scene of the offense, and composed a diagram of the area. This evidence of location was not the same location that Robby Wedeking had or describe in his incident Report or the interviewing of Ms. Bernal or the Typed of Ms. Bernal statement. In David Wood incident Report Jennifer Bassett Advised Wood to have Jones cell-phone examined in reference to victim Bernal's Allegations. Bassett saw that Victim Bernal's And Jones was having a sex relationship with each other's, and would not allowed Jones phone be seen by the jury. Look at the Incident # case 11-00468, page (3) of Detective D. Wood. Oct. 20-2011 Page 2 of 2.

This scene of the location was All fabricate by the Slaton Police Department, Sgt. Robby S. Wedeking, Lieutenant Trevor Barnes, Detective David Wood And Communications officer A. Wallace. See Incident report #11-00468-(1) of D. Wood And Incident report of #11-00468 of R. Wedeking And look at the 2012 Google Map of Slaton, Texas Street's and the diagram of the area and the location and the rough field sketch that Wood drew, of the fabricate crime scene. See Vernon's Ann. Texas C.C.P. Art. 38. 07

Look At Eddie James Jones Cell-phone 806-239-5949.
Look At Lynda Sue Bernal Cell-phone 806-781-3753.

## Deedra Page
### (R.R. Vol. 5, pp. 33-55)

After 11-month's. Ms. Lynida Sue Bernal met with Deedra Page the Lubbock Rape Crisis Center employee to receive Bernal's report from Lieutenant Trevor Barnes who took a copy of Ms. Bernal's statement and escorted Ms. Bernal who was riding with Ms. Armstead, Ms. Jones and Ms. Dickson to the Lubbock Police Dept. to meet with a representative from the Rape Crisis Center. Ms Page. Ms Page saw that Ms. Bernal's statement was <u>erotic</u> so she had to make sure she did not used these words. Ms. Bernal witness statement is identical to the definition of pornography. The depiction (as in writing) of erotic behavior designed primarily to cause sexual excitement. Eddie Jones name is not on the baby birth certificate. State's exhibit # 2. R.R. Vol. 5 p. 87

### Vernon's Ann. Texas C.C.P. Art. 38.07

After having a baby, why would a person go to a Rape Crisis Center, and after that, would not take treated, medical or surgical care, some type of treatment.

Lynda Sue Bernal was not raped in November, 2010. Lynda Sue Bernal was not diagnosed pregnant in February, 2011. The District Attorney Jennifer Bassett made All of this up; because Lynda Sue Bernal limitations period had expire. Their is no doctor's examination in regard to Lynda Sue Bernal visit with a doctor in the reported, no date, no day no time, All fabricate by the District Attorney Jennifer Bassett.

Lynda Sue Bernal did have sex with Eddie Jones, but she gave Eddie Jones consent. Lynda Sue Bernal came to Eddie Jones home several's time to have sex with him for money, that why her Mother did not go to the Police Department with her, because she new that Lynda was having sex with Eddie Jones.

Jennifer Bassett did not let Lynda Sue Bernal friend Destiny shartay Dickson-14 year old testified because the true would have came out; that Eddie Jones did not rape Lynda Sue Bernal.

Lynda Sue Bernal was prostitute her self to have money for her self and her friend Destiny Dickson.

Eddie Jones is not denied the DNA testing because Eddie Jones is not an analyst. Eddie Jones is denied that he did not rape Lynda Sue Bernal. Eddie Jones Also is not denied that Lynda Sue Bernal baby is not his, but their was another man with Lynda Sue Bernal. Eddie Jones would like for a federal agent to go and question Lynda Sue Bernal now that she have had time to thank about her son life. Christina Capt, fabricate her report when Lt. T. Barnes gave her Ms. Bernal witness statement,

Vernon's Ann, Texas C.C.P. Art 38.07

After 11-month why would Lynda Sue Bernal visit a Rape Crisis Center, After having her baby.



## Incident Report #110508

# SEXUAL ASSAULT

**SLATON POLICE DEPARTMENT**
175 N. 8TH STREET
SLATON, TEXAS 79364
P (806) 828-2020
F (806) 828-2023

## Event Info

| Date Reported | Time Reported | Time Dispatched | Time Arrived | Time Completed |
|---|---|---|---|---|
| 09/29/2011 | 20:30 | 20:34 | 20:52 | 22:07 |

| Addr. Of Occ. | City | Date Occ. Range | Time Occ. Range | District |
|---|---|---|---|---|
| 700 BLOCK OF E. GENEVA STREET | SLATON | 11/01/2010 - 12/01/2010 | 02:00 - 03:00 | 4 |

| Grid | Shift | How Reported | Dispatch Disposition |
|---|---|---|---|
| Z-4 | B | IN PERSON | RPT |

### Synopsis
CALL TYPE: SEXUAL ASSAULT OF A CHILD

On Thursday, 09-29-2011, at approx. 22:15 hrs. a White / Female came to the Slaton PD, and reported that she had been SEXUALLY ASSAULTED, during the month of NOVEMBER 2010.
Sgt. Wedeking met with the victim and determined her 16 years old at the time of the INCIDENT.
Sgt. Wedeking notified Lt. T. Barnes of the report, and took a statement from the victim, and forwarded it to Lt. Barnes.
Lt. Barnes arrived and made arrangements for the victim to meet with the LUBBOCK COUNT RAPE CRISIS CENTER representatives at the Lubbock Police Dept., and escorted her there.

### Dispatch Notes
17/F CAME INTO PD TO REPORT THAT SHE HAD BEEN RAPED IN NOVEMBER OF 2010 AND DID GIVE BIRTH TO A MALE CHILD IN AUGUST 15, 2011 FROM THIS ASSAULT. 9/29/2011 8:33:28 PM
21:36 #102 WILL BE FOLLOWING 17/F AND FRIENDS TO LPD TOM MEET WITH THE RAPE CRISIS 9/29/2011 9:29:27 PM
22:10 #102 ENROUTE TO LPD TO MEET WITH RAPE CRISIS CENTER 9/29/2011 10:06:34 PM

| Agency 1 | Event Status/Dispo | Event Status/Disp | Initial Investigator |
|---|---|---|---|
| SLATON PD | ACTIVE | 09/29/2011 | WEDEKING, ROBBY |

## Classification

*Classification Info*

**COMPLETED**

| Class | Subclass |
|---|---|
| SEXUAL ASSAULT | STATUTORY RAPE |

*Event MO*

| Hate/Bias Motivation | Domestic Violence | Premise | Auto Weapon Indicator |
|---|---|---|---|
| NONE | N | FIELD/WOODS/OPEN AREA | N |

| Type Criminal Activity | | Type Weap/Force | |
|---|---|---|---|
| EXPLOITING CHILDREN NO GANG/UNKNOWN | | PERSONAL WEAPON | |

| Target | | Victim Activity | |
|---|---|---|---|
| OTHER | | WALKING | |

| Apparent Motive | | Suspected Using | |
|---|---|---|---|
| SEXUAL | | NOT APPLICABLE | |

# Incident # 11-00468

## WEDEKING, R

On Thursday, 09/29/2011, at approximately 19:10 hours, BERNAL, LYNDA SUE (08-08-1994), W/F, came to the Slaton Police Department with her friend DICKSON, DESTINY SHARTAY (12-29-1996), B/F, her mother JONES, MARSHA RAYE (08-13-1973), W/F, TX/ID 01404291, and ARMSTEAD, CHARLETTE DENISE (11-19-1983), B/F, TX/DL 08477864. MS. BERNAL advised Communications Officer A. Wallace that she had been "RAPED" SEXUALLY ASSAULTED in NOVEMBER 2010, and had given birth to a male child on AUGUST 15, 2011. She advised the child was the result of the SEXUAL ASSAULT. Communications Officer Wallace advised MS. BERNAL that Sgt. Wedeking would take the report and that she did not need to feel uncomfortable talking to him, because he was there to help her.

At approximately 19:15 hours, Sgt. R. Wedeking met with BERNAL, LYNDA SUE (08-08-1994), W/F. MS. BERNAL was crying and appeared to be scared. MS. BERNAL advised that she had been SEXUALLY ASSAULTED by JONES, EDDIE JAMES (04-16-1955), B/M, TX/DL 07119149, during the month of NOVEMBER 2010, but did not know the day. Sgt. Wedeking noted that MS. BERNAL was 16 years old at the time she was SEXUALLY ASSAULTED by SUSPECT JONES who was 55 years old. Sgt. Wedeking also noted that SUSPECT Jones was a REGISTERED SEX OFFENDER.

At approximately 20:30 hours, Sgt. Wedeking contacted Lt. T. Barnes and informed him of the SEXUAL ASSAULT OF A CHILD report that had just received. Lt. Barnes advised that he would come to the PD and assist Sgt. Wedeking and begin following up on the case. Sgt. Wedeking advised Lt. Barnes that he was going to go ahead and begin interviewing MS. BERNAL.

Sgt. Wedeking asked MS. BERNAL if she would be comfortable going to his office and explaining the details of what had happened. She advised that she would not feel comfortable. Sgt. Wedeking asked MS. BERNAL if she would be more comfortable if someone went with her. MS. BERNAL advised she would and asked if her friend DESTINY DICKSON could go with her. Sgt. Wedeking advised that would be ok, and asked MS. DICKSON to go with MS. BERNAL. MS. DICKSON accompanied MS. BERNAL and Sgt. Wedeking to his office and remained there with MS. BERNAL the whole time she was there.

Sgt. Wedeking explained to MS. BERNAL that he was there to help her and that he realized it could be difficult for her to talk about what had happened to you in front of a male, but explained to her that there wasn't a female officer. Sgt. Wedeking advised MS. BERNAL there was no reason to be ashamed about what happened, because it wasn't her fault. Sgt. Wedeking advised MS. BERNAL that he needed to know the time and place the SEXUAL ASSAULT had occurred.

MS. BERNAL advised the SEXUAL ASSAULT occurred during the month of NOVEMBER 2010, but she didn't remember the day or the date. She advised that it happened

at nighttime between 02:00 & 03:00 hours while she was walking home from (a friend) FUENTES, MIGUEL ANGEL (06-02-1992), W/M, TX/DL 34823450 residence. MS. BERNAL advised Sgt. Wedeking that she did not know the address where the SEXUAL ASSAULT occurred, but stated it was near a vacant house across the street to the east of the D-J EXTREME SPORTS CLUB aka: "The SPOT". Sgt. Wedeking determined the location to be on the south side of the street, in the 700 block of E. Geneva Street, near the intersection of the 900 block of S. 2nd Street on the east side of the street.

Sgt. Wedeking asked MS. BERNAL why she had waited so long to report being SEXUALLY ASSAULTED. She advised that she never had reported it, because she was in fear that SUSPECT JONES would kill her and her mother, because he had told her that was what he would do if she ever told anyone about what had happened. MS. BERNAL advised that SUSPECT JONES had worked with her father in the past and was a friend of her parents. She advised that he knew all about her family, and was afraid he would hurt them if she said anything.

Shortly afterwards, Lt. Barnes arrived and joined them in Sgt. Wedeking's office. MS. BERNAL advised Sgt. Wedeking and Lt. Barnes about what happened when she was SEXUALLY ASSAULTED. Afterwards, Lt. Barnes advised he would contact the Lubbock County Rape Crisis Center and make arrangements for the on call advocate to meet with MS. BERNAL. Sgt. Wedeking advised that he would take a statement from MS. BERNAL.

Practiced child-Pornagrophy

Lt. Barnes left the room to make contact with the Lubbock County Rape Crisis Center to set up a meeting with them for MS. BERNAL. MS. BERNAL and MS. DICKSON remained in Sgt. Wedeking's office and MS. BERNAL gave Sgt. Wedeking a detailed statement about what had happened one night in NOVEMBER 2010, when SUSPECT JONES had SEXUALLY ASSAULTED her. Sgt. Wedeking typed MS. BERNAL'S statement as she gave it to him. After completing her statement Sgt. Wedeking read it back to MS. BERNAL. MS. BERNAL swore that her statement was true and correct and signed it.

Lt. T. Barnes obtained Written Witness Statements from MS. JONES and MS. ARMSTEAD while Sgt. Wedeking was taking MS. BERNAL'S statement. Afterwards, Lt. Barnes provided MS. JONES' and MS. ARMSTEAD'S statements to Sgt. Wedeking. Sgt. Wedeking attached the statements to the original case report and placed them in the PD Case File with MS. BERNAL's statement.

At approximately 22:10 hours, Lt. T. Barnes took a copy of MS. BERNAL'S statement and escorted MS. BERNAL who was riding with MS. ARMSTEAD, MS. JONES, and MS. DICKSON to the Lubbock Police Dept. to meet with a representative from the Lubbock County Rape Crisis Center.

Lt. T. Barnes advised Sgt. Wedeking that MS. BERNAL met with PAGE, DEEDRA the CRIME VICTIM'S ASSISTANT from the Lubbock County Rape Crisis Center at the Lubbock PD, and that MS. PAGE had interviewed MS. BERNAL and confirmed that she told her the same things that she had told Sgt. Wedeking in her statement.

 

Lt. T. Barnes advised Sgt. Wedeking to complete the report and they would take it to the DA'S Office, present the case, and get an arrest warrant for SUSPECT JONES.

Sgt. Wedeking noted that there was no Mobile Video Recording made for this report, because MS. BERNAL met him at the Slaton Police Dept. and made the report inside the building. Sgt. Wedeking attempted to activate the In-car Mobile Video Recorder from the remote transmitter, but it did not work.

While at the Slaton PD reporting that SUSPECT JONES had SEXUALLY ASSAULTED her, MS. BERNAL talked to her mother GATICA, AMANDA MARIE (12-20-1971), W/F, TX/DL 01350077, by phone. MS. BERNAL advised that her mother told her that SUSPECT JONES had been driving by their residence and had also called twice, but she had not answered the phone. MS. BERNAL advised that she was in fear of SUSPECT JONES harming her or her mother, because he had told her that if she ever told anyone he would kill them.

MS. BERNAL advised that SUSPECT JONES new she had the baby and would stop by whenever he could catch her outside and tell her to bring the baby over to his house so he could see it. She also advised that SUSPECT JONES was always asking her if she had ever told anyone what had happened, and that she always tells him "NO!" MS. BERNAL advised that SUSPECT JONES constantly reminds her that she had better not tell anyone, because if she did he would kill her and her mother.

Sgt. Wedeking requested a TCIC / NCIC INQUIRY on SUSPECT JONES. The INQUIRY revealed that SUSPECT JONES had previously been arrested for a SEXUAL ASSAULT on 01/02/1992, and was convicted and sentenced to the TX DEPT. OF CRIMINAL JUSTICE HUNTSVILLE on 09/28/1992 for four years, and that he had also been arrested and convicted for FAILURE TO REGISTER AS A SEX OFFENDER and sentenced to the TX DEPT. OF CRIMINAL JUSTICE MIDDLETON UNIT on 09/08/2004.

END OF REPORT

SGT. ROBBY S. WEDEKING #103

SLATON POLICE DEPT.

**NOTE: THIS REPORT ORIGINALLY WRITTEN IN THE E-FORCE RMS SYSTEM**

# WITNESS STATEMENT

CASE # 11-0508

(2)

My name is <u>LYNDA SUE BERNAL</u>. My birth date is <u>AUGUST 08, 1994.</u> My Social Security # is <u>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.</u>

My DL or ID # is ____ /_____. My phone# is _____. My cell phone# is <u>(806) 781-3753.</u>

I live at <u>315 TEXAS AVE., SLATON, LUBBOCK COUNTY, TEXAS</u>, and I am employed by <u>A STUDENT AT SLATON HIGH SCHOOL (12th).</u>

My nearest relative is <u>AMANDA MARIE GATICA</u>, whose address is <u>315 TEXAS AVE., SLATON, LUBBOCK COUNTY, TEXAS.</u>

I do hereby make the following information known to Officer <u>SGT. ROBBY S. WEDEKING</u>, and prosecutors for whatever purpose it may serve. Furthermore, I affirm that the facts contained within this statement are true and correct to the best of my knowledge.

Sometime in November of 2010, at night (at about 2:00 or 3:00 AM), I was walking home from MIGUEL FUENTES house headed west on E. Geneva Street, in Slaton, Tx. about a block east of THE SPOT (CLUB), when EDDIE JAMES JONES pulled up beside me in his brown truck. He rolled down his window, and asked me if I wanted a ride. I told him, "NO!" He told me that he wasn't a <u>RAPIST</u> like everybody thought, because he went to Jail for drugs. I told him, "NO, THAT'S OK!" He pulled up some more and parked the truck, and waited until I got closer, then he got out, and I went to the other side of the street. He came across the street and said, "COME ON LET ME GIVE YOU A RIDE!" I said, "NO!" and tried to walk some more.

That's when he pushed me and I tripped over the curb and fell backwards. I landed kind of on my right side. He came toward me and grabbed my right arm, and yanked me toward him. Then he grabbed both of my wrists, got on top of me and pinned me down. He kept telling me that everything was OK, and it wasn't going to hurt. He told me that he knew my family and that if I ever said anything that he was going to KILL MY MOM. He started touching me all over my chest. He kept rubbing his hands on my breasts, and I kept trying to push him away and telling him to STOP. I pushed his arms away, and he told me to shut up. He kept threatening me over and over that he was going to kill my mom and me. During this time he was jerking off my sweat pants, he pulled them and my underwear down to below the knees and told me that it wasn't going to hurt.

He kept telling me over and over to be quiet and not say anything. He unzipped his pants, pulled out his penis and told me that it wasn't going to hurt and put his penis in my vagina. I kept trying to push him away, but couldn't because he was holding my wrists. When he put his penis in me he started moving up and down working his penis in and out of me. It felt like it was forever, but it was probably only about (3) or (4) minutes. He did it until he cum inside of me. After he finished, he told me not tell anyone, zipped up his pants and went to his truck. He got in his truck and left.

I picked up my sweats and tried to look for my phone. After I found my phone I went home. I did not tell anyone, because I was scared that he would hurt me and my mom. He comes by my residence all of the time. Sometimes he just drives by, but sometimes he stops and asks me if I have told anybody and he always is watching me. On August 15, 2011, I gave birth a baby boy. I know that EDDIE JONES is the father, because I have not ever had sex with anyone else.

---

Date statement given: _____09/29/2011_____, Time statement given: 21:05 HOURS - THRU - 22:10 _____.

Printed name: Lynda Bernal _____, SIGNATURE: Lynda Bernal _____.

Above STATEMENT has been subscribed and sworn to before me, **SERGEANT ROBBY S. WEDEKING**, a PEACE OFFICER

of the State of Texas, and pursuant to 602.002 Texas Government Code, on this 29th day of __SEPTEMBER , 2011.

Page _2_ of _2_.

Sgt. Robby S. Wedeking
PEACE OFFICER, SLATON POLICE DEPARTMENT



 My House



E Scurry

E Floyd St        E Floyd St        E Kent St

E Floyd St        S 3rd St   S 2nd St

Floyd St   S 8th St

E Kent St

Division St        E Division St        E Division St        E Division St

Our Lady of Guadalupe

E Knox St        S Collins St   E Knox St

S 7th St

park his car

E Dayton St        S New Mexico St   S Johnson St

S 5th St   S 4th St   S 3rd St   S Wilie St   S 1st St   Arizona St

E Geneva St        E Geneva St        E Geneva St        E Geneva St

SPOT CLUB

Oklahoma St

E Jean St        E Jean St

S 8th St   S 3rd St   S 2nd St   S 1st St   S New Mexico St

Slaton Housing Authority        Evans St

E Powers St        E Powers St        Arizona St

S 7th St   S 4th St

E Edwards St        E Edwards St        E Edwards St

S 6th St   S 5th St   S 3rd St

E Scott St        E Scott St

N

W        E

S

E Murray St        E Murray St

S 7th St   S 2nd St

E Binion Rd        E Binion Rd

 Get Google Maps on your phone — Text the word "GMAPS" to 466453

 Google

©2012 Google - Map data ©2012 Google

*(handwritten)* 1a

*(handwritten, top)* 2:00    2:00



| | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| **« Previous Month** / **« 2009** / November 2010 / **2011 »** / **Next Month »** | | | | | | | |
| | | **1** Actual: 68 \| 40 · Precip: 0.00 · Average: 68 \| 40 · Precip: 0.03 | **2** Actual: 70 \| 42 · Precip: 0.00 · Average: 67 \| 40 · Precip: 0.03 | **3** Actual: 74 \| 40 · Precip: 0.00 · Average: 67 \| 39 · Precip: 0.03 | **4** Actual: 64 \| 36 · Precip: 0.00 · Average: 66 \| 39 · Precip: 0.03 | **5** Actual: 68 \| 32 · Precip: 0.00 · Average: 66 \| 38 · Precip: 0.03 | **6** Actual: 76 \| 37 · Precip: 0.00 · Average: 65 \| 38 · Precip: 0.03 |
| | **7** Actual: 76 \| 47 · Precip: 0.00 · Average: 65 \| 38 · Precip: 0.03 | **8** Actual: 80 \| 40 · Precip: 0.00 · Average: 64 \| 37 · Precip: 0.03 | **9** Actual: 79 \| 48 · Precip: 0.00 · Average: 64 \| 37 · Precip: 0.03 | **10** Actual: 65 \| 35 · Precip: 0.00 · Average: 64 \| 36 · Precip: 0.03 | **11** Actual: 73 \| 42 · Precip: 0.00 · Average: 63 \| 36 · Precip: 0.03 | **12** Actual: 59 \| 31 · Precip: 0.07 · Average: 63 \| 36 · Precip: 0.02 | **13** Actual: 56 \| 28 · Precip: 0.00 · Average: 62 \| 35 · Precip: 0.02 |
| | **14** Actual: 62 \| 31 · Precip: 0.00 · Average: 62 \| 35 · Precip: 0.02 | **15** Actual: 59 \| 34 · Precip: 0.00 · Average: 62 \| 35 · Precip: 0.02 | **16** Actual: 65 \| 30 · Precip: 0.00 · Average: 61 \| 34 · Precip: 0.02 | **17** Actual: 57 \| 30 · Precip: 0.00 · Average: 61 \| 34 · Precip: 0.02 | **18** Actual: 61 \| 24 · Precip: 0.00 · Average: 60 \| 33 · Precip: 0.02 | **19** Actual: 74 \| 31 · Precip: 0.00 · Average: 60 \| 33 · Precip: 0.02 | **20** Actual: 78 \| 38 · Precip: 0.00 · Average: 60 \| 33 · Precip: 0.02 |
| | **21** Actual: 77 \| 50 · Precip: 0.00 · Average: 59 \| 32 · Precip: 0.02 | **22** Actual: 74 \| 41 · Precip: 0.00 · Average: 59 \| 32 · Precip: 0.02 | **23** Actual: 68 \| 29 · Precip: 0.00 · Average: 59 \| 32 · Precip: 0.02 | **24** Actual: 74 \| 53 · Precip: 0.00 · Average: 58 \| 31 · Precip: 0.02 | **25** Actual: 61 \| 24 · Precip: 0.00 · Average: 58 \| 31 · Precip: 0.02 | **26** Actual: 56 \| 17 · Precip: 0.00 · Average: 58 \| 31 · Precip: 0.02 | **27** Actual: 60 \| 25 · Precip: 0.00 · Average: 57 \| 30 · Precip: 0.02 |
| | **28** Actual: 70 \| 35 · Precip: 0.00 · Average: 57 \| 30 · Precip: 0.02 | **29** Actual: 54 \| 32 · Precip: 0.00 · Average: 57 \| 30 · Precip: 0.02 | **30** Actual: 50 \| 20 · Precip: 0.00 · Average: 56 \| 30 · Precip: 0.02 | | | | |

*(handwritten, Wednesday 24)* ...sgiving

*(handwritten)* 2:00 And 3:00 AM.
2:15 And 2:30 Leave
AM At home

*(handwritten bottom left)* 10:50     10:30

**Month Precipitation** - Actual month total: 0.07  Normal month total: 0.71

### Calendar Key

| | | |
|---|---|---|
| Sunny Clear | Mostly Cloudy / Partly Sunny | Mostly Sunny / Partly Cloudy |
| Cloudy | Rain | Snow |
| Hail Flurries | Thunderstorms | Hazy Fog |
| Sleet | '?' denotes 'chance of' | Unknown |

| | |
|---|---|
| **Actual:** | 90 \| 58 |
| **Precip:** | 0.00 |
| **Average:** | 71 \| 53 |
| **Precip:** | 0.03 |

Data Category — Condition — High Temp. — Lo Temp. — Precip. (in inches) — Daily Avg. Temp. — Temps in °F

-60 -30 0 30 60 90 120

Powered by Weather Underground, Inc.

*(handwritten)* precipitation = water that falls as rain, snow, or hail; also the quantity of the water.

*(handwritten)* 32° is freezing



Traffic, Bicycling, Terrain, Directions

Map data ©2014 Google 500 ft

N
W — E
S

← The Spot Club

Practiced Pornography = The depiction as in writing of erotic behavior designed primarily to cause Sexual excitement. Ms. Bernal Statement.

\+  ← Sgt. Robby S. Wedeking determined the location during the time he was interviewing Ms. Bernal and the 14-year old Destiny Shartay Dickson (12-29-1996).

3-location  →  ○  ← Sgt. Wedeking typed Ms. Bernal Statement and now the location of the sexual assault is a block east of the spot Club, why because he got Sexual excitement over these young girl's.

△  ← Detective David L. Wood was briefed by report officer Sgt. Robby S. Wedeking and Lt. Trevor Barnes; Lt. Barnes and Detective Wood escorted victim, Bernal to the location of the sexual assault, Bernal's advised said Detectives that Suspect, Eddie James Jones had parked his pick-up just ahead of Bernal's path of travel, exited his vehicle and approached her on foot, Jones grabbed stated victim and forced her down at the North curbside of the described street. Bernal re-enacted the senario by lying on the ground at this location and describing the specifics of said incident. Barnes photographed the scene and Wood drew a rough field sketch.

••••• ← Bernal's path of travel-West walking home from Miguel Fuentes house at 2:00 or 3:00 AM. time.

# Incident # 11-00468 (1)

## WOOD, D

On Friday Morning 09-30-2011 at approx. 8:00 am, Detective David Wood began assisting with follow up investigation of this case.

Wood was briefed by report Officer Sgt. Robby Wedeking as to the specifics of stated case. After conferring with Wedeking and Lt. Trevor Barnes, Wood prepared a probable cause affidavit and complaint for warrant of arrest. The described Officers traveled to The Lubbock County District Attorneys Office and met with assistant D.A. Jennifer Bassett. Following review of the afore-described report and affidavit, Bassett agreed to secure an arrest warrant for Suspect/defendant JONES, EDDIE JAMES B/M DOB 04-16-55. for the offense of SEXUAL ASSAULT OF A CHILD. The described officers then returned to Slaton to continue their investigation.

At approx. 1:45 pm, Detective Wood contacted suspect JONES by telephone and requested he meet with Wood at the Slaton Police Dept. JONES complied, arriving at approx. 2:45 pm.

Wood accompanied JONES to the P.D. interview room where JONES was seated comfortably. An audio/video dvd recording of the interview was iniated and Lt. Barnes and Detective Wood began a conversation with JONES. Following baseline conversation JONES was read his Miranda Warning which he indicated he understood. JONES waived his rights verbally and agreed to speak with stated officers. JONES was coherent, sober and reasonably articulate. JONES was made aware of the allegations against him and asked if he had ever been intimate with the victim, Bernal. JONES denied ever being intimate with Bernal but stated that he had assisted her family financially and had also payed Bernal and her Mother to clean his home on more than one occassion.

Wood took note of JONES'S body language during the course of said interview. When casually conversing, JONES would intently lean forward, but when confronted with anything criminally specific he would lean back, cross his arms defensively and assume a defensive demeanor.

Wood employed some deception (as allowed by law) and advised JONES that DNA evidence existed that indicated he had, had sexual intercourse with the victim. JONES remained staunch in his insistance that he had never engaged in sexual activity with Bernal.

At one point during the interview, JONES became angry and seemingly invoked his right to counsel. Wood and Barnes began terminating said interview at which time JONES solicited the Officers to

# Incident # 11-00468 (2)

## WOOD, D

On Tuesday Morning 10-04-11 at approx. 11:30 am, Lt. Barnes and Detective Wood escorted Victim, Bernal to the location of the sexual assault, the 900 block of east Geneva St. in Slaton, Lubbock County Texas. Bernal advised said Detectives that Suspect, JONES, EDDIE JAMES had parked his pick-up just ahead of Bernal's path of travel, exited his vehicle and approached her on foot. JONES grabbed stated victim and forced her down at the north curbside of the described street.

Bernal re-enacted the senario by lying on the ground at this location and describing the specifics of said incident. Barnes photographed the scene and Wood drew a rough field sketch.

Bernal was then driven home.

On this same date at approx. 12:15 pm, Detectives Barnes and Wood interviewed potential witness Michelle Payne w/f dob 04-28-1987 at her residence located at 650 West Lubbock st. in Slaton. Payne is a close personal friend of Victim, BERNAL. Payne was in attendance at a social gathering with BERNAL the night just prior to the described sexual assault. Said gathering was at the home of Miguel Fuentes approximately four blocks from the location of said assault.

Payne provided a written statement in which Payne describes herself becoming intoxicated with alcoholic beverages and going to sleep around 1:00 am. Payne describes BERNAL being present at the home when Payne excused herself from the party and went to sleep. Payne further states that BERNAL apparently left the residence on foot sometime after 1:00 am. Payne's statement is consistent with the victim, BERNAL'S reported timeline of events.

The described written statement was secured with this case file.

A short time later, Barnes and Wood returned to the Slaton P.D. where Wood drew a birds eye view crime scene sketch of the crime scene. Said sketch was included with this case file.

This investigation continues.

Detective David L. Wood

# Incident # 11-00468 (3)  1- 877-608-8923

## WOOD, D

*Virgin Mobile*
*806-239-5049*

On Monday 10-10-2011, Detective Wood conferred with Lubbock Co. A.D.A. Jennifer Bassett vie phone in reference to this case. Wood advised Bassett that Wood was in possession of Defendant, JONES, EDDIE JAMES'S cellular telephone and wished to have said phone forensicly examined in reference to victim BERNAL'S allegations that JONES had harrassed her by phone recently in reference to the described assault and corresponding new born infant.

Bassett advised Wood that Wood would need to make application for an evidentiary search warrant. Bassett e-mailed Wood the appropriate forms and Wood proceeded to complete said search warrant and probable cause affidavit for same. Said documents were scanned and electronically forwarded to Bassett for review.

On Tuesday Afternoon 10-11-2011 at approx. 1:30 pm, Detective Wood and Lt. Trevor Barnes traveled to The Lubbock Co. District Court Grand Jury room. Wood presented stated case to the sitting Grand Jury who subsequently indicted Defendant EDDIE JAMES JONES for Sexual Assault Of A Child in reference to stated case.

On Thursday Afternoon 10-13-2011 at approx. 3:15 pm, Detective Wood met at The Slaton Police Dept. with the Victim, LYNDA SUE BERNAL'S mother who made available to Wood BERNAL'S infant son's birth records and social secirity card. Wood made copies of stated documents and returned the originals to BERNAL'S Mother.

Said documentation included the following:

1.) Social Security card #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 MATTHEW RENEE BERNAL.
2.) U.M.C. Health System Certificate Of Birth, MATTHEW RENE BERNAL , MALE, DOB 08-15-2011, 12:43 pm.
3.) U.M.C. patient discharge instructions, complete with dates, times etc.

These documents will be secured with this case file to assist and establishing existance and identity of the child in this matter.

Detectives Wood and Barnes, also received from Bassett, instructions for submitting the previously obtained oral swabs to the appropriate forensic lab for D.N.A.. paternity testing. Wood and Barnes will be submitting said swabs to the described lab for analysis.

This investigation continues.

Detective David L. Wood

continue talking with him in reference to the subject at hand. Following clarity on the subject of JONES not requesting an attorney and his wish that the discussion continue, said interview proceeded.

JONES then requested something to drink. Wood left the room momentarily and purchased JONES a 'Mountain Dew' soda from a vending machine at the Police Debt. During the duration of the interview JONES made conflicting verbal statements. Initially he advised that he had never seen Bernal's infant son. But later JONES stated that he had seen the child and had purchased diapers and other nececessities for same. JONES indicated that if it could be proven to his satisfaction that said child was in fact his, he in turn would take responsibility for the baby.

During the described interview JONES eluded to the creative theory that Bernal may have come in contact with one of JONES'S used condoms (WHILE CLEANING HIS HOME) and his DNA was thusly transferred to her in this fashion. JONES stated that he prefers not to use condoms during intercourse, which would be consistent with Bernal becoming pregnant as the result of being sexually assaulted by JONES.

At about this point in the interview, Police Chief Steven Wheeler entered the interview room and asked JONES directly if any force had been employed when sexual contact between JONES and Bernal occurred. JONES once again denied any sexual contact occurring between he and Bernal. At this time, Wheeler instructed Wood to terminate said interview and arrest JONES as per Arrest Warrant # 2011812545. Said interview was terminated and JONES was taken into custody without incident.

During the booking procedure, JONES consented to an oral swab for forensic analysis. Wood performed said swab, wearing surgical type disposable gloves and adhering to procedural norms while so doing. The swab was placed in the appropriate container, air dryed and secured in a paper evidence bag. Said bag was placed in locked evidence.

Further, Wood collected the previously mentioned 'Mountain Dew' plastic soda bottle which had been abandoned by JONES (following JONES drinking from same) in the P.D. interview room. Said bottle was also secured in a paper evidence bag and stored in locked evidence.

The DVD recording was finalized and placed with this case file.

On Tuesday Morning 10-04-11 at approx. 10:00 am, Detective Wood and Lt. Barnes met with Bernal and her infant son at the Slaton Police Dept. Bernal consented to the swabbing of her mouth and that of her son for forensic analysis. The previously described procedures were employed and said swabs

NOVEMBER 1 2010

#A11-08508
ASSAULT
BIRDS EYE VIEW
CRIME SCENE
SKETCH

DRAWN BY
DETECTIVE
___ WOOD
___ EATON P.D.
0-04-11

NORTH

LOCATION OF ASSAULT

NOT DRAWN TO SCALE

CAUSE No 2011-432527

THE STATE OF TEXAS § IN THE 137th District Court

v

Eddie Jones § of

§ Lubbock County, Texas

§

Motion to Withdraw As counsel

To the Honorable Judge of said court:

Comes Now, David Hazlewood counsel of Record for Eddie Jones, Defendant in the Above entitled And numbered cause, And would file this his Motion to Withdraw As Counsel of Record, And as grounds therefore would show the Court As follows.

I

That A conflict has arisen between the undersigned Attorney and Defendant, which has resulted in A breakdown in communication to the extent that the undersigned Attorney does not believe that he can effectively communicate with Defendant in the manner necessary to provide effective Assistance of counsel.

Wherefore, Premises considered, Movant Asks this Honorable Court to release him. The said David Hazlewood As Attorney of record in this cause.

Respectfully submitted

Hazlewood + Hazlewood

Attorneys At LAW

1107 Avenue K.

Lubbock, Texas - 79401

Ph. No. (806) 765-8536

Fax No. (806) 765-6381

STATE OF ~~Lubbock~~ Texas

COUNTY OF Lubbock

Sworn to (or affirmed) and subscribed before me this 25 day of July, 2012, by Eddie Jones



Notary Public's Signature          Notary Name

Personally Known _____ OR

Type of Identification Produced _____

# Certificate of Service

A true and correct copy of the above and foregoing Motion to Withdraw as Counsel was hand-delivered or mailed, postage pre-paid, to the Criminal District Attorney of Lubbock County, Texas, Lubbock Bail Bond, and to the Defendant at his last known address. Eddie Jones so# 86391, c/o Lubbock County Jail, P.O. Box 10536. Lubbock, Texas 79408 by regular and certified mail return receipt requested on the _____ day of _____, 2012

STATE OF _Texas_
COUNTY OF _Lubbock_

Sworn to (or affirmed) and subscribed before me this _25_ day of _July_, 20_12_, by _Eddie Jones_

_____
Notary Public's Signature       Notary Name
Personally Known _____ OR
Type of Identification Produced _____

_____
David Hazlewood

_Eddie Jones_
Eddie Jones

No. 07-13-00254-CR


IN THE
COURT OF APPEALS
FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS


**EDDIE JONES,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee


\* \* \* \* \* \* \* \* \* \*

## *ANDERS* BRIEF FOR APPELLANT

\* \* \* \* \* \* \* \* \* \*


**ORAL ARGUMENT WAIVED**

**Mike Brown**
Attorney-at-Law
1601 Broadway
Lubbock, Texas 79401
(806) 763 - 9493
lwrbrown@nts-online.net

Attorney for the Appellant,
EDDIE JONES

# TABLE OF CONTENTS

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

APPELLANT'S POINT OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    I.      **PRETRIAL PROCEEDINGS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.     **THE INDICTMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    III.    *VOIRE DIRE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    IV.   **OPENING STATEMENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    V.     **THE TRIAL ON GUILT OR INNOCENCE** . . . . . . . . . . . . . . 18

    VI.   **THE COURT'S CHARGE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    VII.  **SUMMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CERTIFICATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## PARTIES

A complete list of parties to this case includes:

EDDIE JONES, Appellant

FOR THE APPELLANT:

Hon. David J. Hazlewood
Attorney-at-Law
SBOT No. 09310400

Hon. Anne M. Hazlewood
Attorney-at-Law
SBOT No. 14468350

Hazlewood & Hazlewood
1107 Avenue K
Lubbock, Texas 79401
(806) 765-8536
Fax (806) 765-6381
Attorneys for the Defendant/Appellant,
    at trial only

FOR THE STATE OF TEXAS:

Hon. Jennifer Basset
Assistant Criminal District Attorney
SBOT #02145532

Hon. W. Jaret Greaser
Assistant Criminal District Attorney
SBOT #24045974
State's Attorneys at trial only

Mike Brown
Attorney-at-Law
1601 Broadway
Lubbock, Texas 79401
(806) 763-9493
(806) 744-5411 (fax)
State Bar No. 03164750
Attorney for Appellant,
    on appeal only

Hon. Jeffrey Ford
Asst. Criminal District Attorney
SBOT No. No.24047280
P.O. Box 10536
Lubbock, Texas 79408
(806) 767-1100
(806) 767-1154 (fax)
State's Attorney on appeal only

ii

# INDEX OF AUTHORITIES

*Page*

## CASES

*Almanza v. State,* 686S.W.2d 157 (Tex.Crim.App.1984) . . . . . . . . . . . . . . . . . . . . 18

*Anders v. California,* 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . 2, *et seq.*

*Chambers v. Mississippi* , 410 U.S. at 302, 93 S.Ct. at 1038 . . . . . . . . . . . . . . . . 14

*Miller v. State,* 36 S.W.3d 503 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . 14, 15

*Potier v. State,* 68 S.W.3d 657 at 663 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . 15

*Quinones v. State,* 592 S.W.2d 933 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . 15

*Scott v. State,* 825 S.W.2d 521 (Tex.Ct.App.–Dallas, 1992) . . . . . . . . . . . . . . . 15

*Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App. . . . . . . . . . . . . . . . . . . . . . . . 16

*Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) . . . . . . . 14

*Weatherred v. State,* 15 S.W.3d 540 (Tex. Crim.App. 2000) . . . . . . . . . . . . . . . . 15

## STATUTES & RULES

TEXAS CODE CRIM. PROC., art. 39.14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-15

TEXAS PENAL CODE, § 22.011(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX.R.APP.PROC., RULE 33.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12; 16-18

No. 07-13-00254-CR

IN THE
COURT OF APPEALS
FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

**EDDIE JONES,**
Appellant

VS.

**THE STATE OF TEXAS**

\* \* \* \* \* \* \* \* \* \*

<u>*ANDERS* **BRIEF FOR APPELLANT**</u>

\* \* \* \* \* \* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW MIKE BROWN the undersigned attorney of record for Appellant, and makes and files this, his *ANDERS* BRIEF FOR APPELLANT, and would show this Honorable Court as follows, to-wit:

**PRELIMINARY STATEMENT**

This is an appeal from the 137th[th] District Court of Lubbock County, Texas, the Honorable John McClendon, Judge presiding. This is an *Anders* appeal. *See Anders*

2

*v. California*, 386 U.S. 738 (1967). A jury convicted Appellant of Sexual Assault of a Child, in violation of §22.011(a)(2)(A) TEXAS PENAL CODE. (C.R. p. 67). The Judge assessed his sentence at imprisonment in the custody of the Texas Department of Criminal Justice Institutional Division for life. (R.R. vol. 6, p. 18-19 )(Clerk's Record, pp. 69-71). Appellant did not testify. The evidence is sufficient to support the conviction.

After diligent review of the record, Appellate counsel is unable to identify any error that would entitle Appellant to reversal or any other form of relief. *Anders v. California, supra.*

## APPELLANT'S POINT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING APPELLANT'S MOTION FOR DNA PATERNITY TESTING.**

## STATEMENT OF FACTS

Record references in this brief are to the Reporter's Record, by volume and page (hereafter (RR vol. *, p. *)), and to the Clerk's Record, by page (hereafter (CR, p.*)). Appellant did not testify. The record evidence is sufficient to support the conviction. Appellant pled "True" to the enhancement allegations of the indictment.

The record evidence may be summarized as follows:

3

In November, 2010, Appellant, Eddie James Jones, forcibly raped Lynda Sue Bernal in Slaton, Lubbock County, Texas. Lynda Bernal was sixteen years old at the time. Lynda was diagnosed pregnant, as a result of this offense, in February, 2011. On September 29, 2012, Lynda reported this offense to law enforcement. Lynda's baby boy Matthew was born August 15, 2011. Lynda testified to every element of the offense alleged in the indictment, including forcible vaginal penetration, venue and a date within the limitations period. Lynda identified Appellant, Eddie James Jones, as her assailant. A forensic DNA expert presented testimony that identified Appellant as the father of the child conceived by this offense.

## TRIAL OF GUILT OR INNOCENCE
(R.R. vol. 5)

### ROBBY WEDEKING
(R.R. vol. 5, pp. 18-32 )

Robby Wedeking is a police Sergeant employed by the City of Slaton Police Department. Wedeking was the first law enforcement officer to interview the victim, Linda Bernal. Lynda Bernal went to the Slaton police station on an evening in September, 2011, and reported the offense at bar. (R.R. vol. 5, p. 19). Officer Wedeking took a statement form Bernal that night, reporting sexual assault of a child. (R.R. vol. 5, p. 24). Wedeking referred Bernal to Lieutenant Trevor Barnes. *Id.* Barnes contacted the Lubbock Rape Crisis Center. (R.R. vol. 5, p. 25). Wedeking's

4

testimony established venue in Lubbock County. (R.R. vol. 5, p. 31). Wedeking testified that she was age 16 on the date of the offense in November, 2010. (R.R. vol. 5, p. 21; 27). By the end of the interview, Appellant, Eddie James Jones, was a suspect. (R.R. vol. 5, p. 21).

## DEEDRA PAGE
(R.R. vol. 5, pp. 33-55)

Deedra Page was the Lubbock Rape Crisis Center employee who met with Lynda Bernal the evening of September 29, 2011, to receive Bernal's report of the offense at bar. (R.R. vol. 5, p. 35). Page confirmed the victims's date of birth as "8-8-'94." *Id.* Page testified that Bernal "was just overall an emotional wreck." (R.R. vol. 5, p. 38). Page was "provided the information of the potential assailant in the case," . . . "Eddie James Jones." *Id.* Bernal told Page that the sexual assault occurred "sometime in November 2010." (R.R. vol. 5, p. 39). The assault occurred in Slaton, Texas, which established venue in Lubbock County, Texas. (R.R. vol. 5, p. 40). Page testified that the victim reported the elements of the offense, including penetration. (R.R. vol. 5, pp. 41-43). Bernal told Page that she "had given birth to a baby boy on August 15[th] of 2011, and she stated it was the assailant's baby . . . ." (R.R. vol. 5, p. 44).

## MARSHA JONES
(R.R. vol. 5, pp. 55-81).

Marsha Jones is the mother of Lynda Bernal's friend, Destiny. Jones knew Lynda well. Apparently, Marsha Jones is the first person to whom Lynda reported the rape. On September 29, 2011, sometime after birth of her baby boy, Lynda reported the rape to Jones. (R.R. vol. 5, p. 58). Lynda was distraught and contemplating suicide. (R.R. vol. 5, p. 62). Lynda told Marsha that Appellant was her assailant. (R.R. vol. 5, p. 63). Marsha and her daughter accompanied Lynda to the Slaton Police Department and to the Lubbock police station. (R.R. vol. 5, p. 68; 72). Marsha Jones gave a statement to police concerning Lynda's report of the offense. (R.R. vol. 5, p. 73). Jones identified Appellant in the courtroom. (R.R. vol. 5, p. 63).

## AMANDA GATICIA
(R.R. vol. 5, p. 82-128)

Amanda Gaticia is the mother of Lyndal Bernal, the victim. Amanda affirmed that Lynda's birthday is "August 8, 1994." (R.R. vol. 5, p. 83). Lynda's baby boy Matthew was born August 15, 2011. *Id.* Amanda was the shepherding witness for the baby's birth certificate, State's exhibit #2. (R.R. vol. 5, p. 87). In December of 2010 Amanda noticed that Lynda was "sick a lot," "throwing up a lot," and her "periods had stopped." (R.R. vol. 5, p. 89). In February of 2011 it was determined that Lynda was 14 weeks pregnant. (R.R. vol. 5, p. 91).

6

Amanda said that Eddie Jones was a family friend. (R.R. vol. 5, p. 93). Amanda identified Appellant in the courtroom. (R.R. vol. 5, p. 96). On September 29, 2011, Amanda learned that Appellant had raped Lynda . (R.R. vol. 5, p. 97). After Lynda's report of this offense to the police, Appellant tried to contact Lynda and Amanda repeatedly, by letters. (R.R. vol. 5, p. 101-102). Among the letters to Lynda from Appellant was State's exhibit #3. (R.R. vol. 5, p. 103). It was incriminating. (R.R. vol. 5, p. 107-108). Amanda delivered at least three (3) of Appellants letters to the Slaton police department. (R.R. vol. 5, p. 106). In one of the letters, Appellant referred to Lynda's baby as his son. (R.R. vol. 5, p. 107-108). In that letter, Appellant wrote "[A]lso, Lynda, am sorry that this all happened like this." (R.R. vol. 5, p. 109). In that letter, Appellant asked Lynda to change to baby's name to Jones. *Id.*

Appellant's nephew Michael Jones approached Amanda shortly before trial and attempted to discuss the matter with her. (R.R. vol. 5, p. 110). The record recites further incriminating contents of the letter (R.R. vol. 5, p. 111-112). In the letter, Appellant asked Lynda to have her "grandpa and your mother go to Lubbock County Courthouse and speak to the District Attorney, Jennifer Bassett (State's prosecuting attorney in this case), and tell them . . . you would like to drop these charges on me." (R.R. vol. 5, p. 112). Another letter, State's exhibit 4 (R.R. vol. 5, p. 115), included a handwritten affidavit. *Id.* By the letter State's exhibit #4A, the Defendant

7

specifically states "he wants . . . [Lynda Bernal, the victim] to fill out this affidavit that he has sent to you, and take it to the police so the case can be dismissed and you can get paid child support." (R.R. vol. 5, p. 117). In summary, Appellant's letters, admitted in evidence, were incriminating.

## LYNDA SUE BERNAL
(R.R. vol. 5, p. 129-190)

Lynda Bernal is the victim of this offense. Lynda was born August 8, 1994. (R.R. vol. 5, p. 129). She was sixteen (16) years old on the date of the offense in November 2010. *Id.* Lynda testified to every element of the offense alleged in the indictment, including forcible vaginal penetration (R.R. vol. 5, p. 145), venue (R.R. vol. 5, p. 163) and a date within the limitations period. Lynda identified Appellant, Eddie James Jones, as her assailant. (R.R. vol. 5, p. 158). She described the details of the offense. (R.R. vol. 5, pp. 140-147). Her pregnancy with the child conceived by this offense was diagnosed on February 14, 2011. (R.R. vol. 5, p. 150). On September 9, 2011, Lynda made the outcry reporting the rape and identifying Appellant. (R.R. vol. 5, p. 153). The remainder of her testimony discussed collateral details of the offense that are not dispositive of this appeal. The testimony of Lynda Bernal is sufficient to support the conviction.

8

## DAVID WOOD
(R.R. vol. 5, pp. 190-212).

David Wood is a police detective employed by the Slaton Police Department. He was assigned to conduct an investigation of this case. Det. Wood met with the victim, Lynda Bernal and her infant child on October 4, 2011, at the Slaton Police Department. (R.R. vol. 5, p. 193). Wood collected bucal swabs from the victim, Lynda Bernal, from Appellant, Eddie Jones, and from Bernal's infant son. (R.R. vol. 5, p. 193). Wood accompanied Bernal to the scene of the offense, and composed a diagram of the area. This evidence of location was of no consequence, and counsel provides no record citation, as other witnesses established venue. Wood was the shepherding witness who established the predicate for admissibility of State's exhibits numbers 28, 29 and 30, the bucal swabs which Wood collected from Lynda Bernal, Appellant and the child, for the purpose of conducting DNA analysis and paternity testing. (R.R. vol. 5, p. 203).

## CHRISTINA CAPT
(R.R. vol. 5, pp. 212-142)

Christina Capt is a forensic DNA analyst employed by the University of North Texas Health Sciences Center at the Center for Human Identification. (R.R. vol. 5, p. 213). She testified as an expert witness concerning paternity in this case. Capt identified State's exhibits numbered 28, 29 and 30, bucal swabs of DNA samples collected by Officer Wood from Appellant (SX#28), the victim (SX#29) and the child (SX#30). (R.R. vol. 5, pp. 217-218). Her testimony completed the evidentiary predicate for admission of those exhibits. *Id.* Capt presented her report, State's exhibit number 32, which was admitted without objection. (R.R. vol. 5, p. 225). The witness described the procedures that she followed in conducting DNA analysis of the samples SX 28, 29 and SX30. Based upon her analysis of the DNA samples from the bucal swabs, Capt testified that "99.999995 of the population would be excluded" from paternity of the child, but that Appellant can not be excluded as the father of the child. (R.R. vol. 5, p. 232). According to Capt, "it's 15 million times more likely that Eddie James Jones is the true biological father than if a father is an untested random man from the population." Her testimony leads to the inference that Appellant is the father of the child. In effect, DNA testing identified Appellant as the father of the child conceived by the sexual assault of Lynda Bernal. *Id.*

## TRIAL CONCERNING PUNISHMENT
### (R.R. vol. 6).

Appellant pled "True" to the enhancement allegations of the indictment. (R.R. vol. 6, p. 8). The State introduced certified copies of the judgments in the cases alleged for enhancement. (R.R. vol. 6, p. 8-9). The State's fingerprint expert identified Appellant as the person whose fingerprints appear on those judgments. (R.R. vol. 6, p. 14-16). The trial court Judge sentenced Appellant to imprisonment in the custody of the Texas Department of Criminal Justice Institutional Division for life. (R.R. vol. 6, p. 18)(C.R. p. 69).

## SUMMARY OF ARGUMENT

This is an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). After due diligence, and review of the appellate record and researching the potential grounds for appeal, Appellate Counsel is unable to find any error which he, in good faith, can urge warranting a reversal of this conviction or in support of any other form of relief for the Appellant. In Appellate Counsel's opinion, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated. Appellate Counsel concludes that the appeal is without merit.

11

## ARGUMENT AND AUTHORITIES

**I.     PRETRIAL PROCEEDINGS** (Reporters Record, vol. 2, 3).

Appellate Counsel is unable to identify any error in the pretrial hearing in this case conducted on February 24 , 2012.   Trial counsel presented no objections during the pretrial hearing on February 24, 2012.   Further, Appellate Counsel is unable to identify any error in the pretrial hearing in this case conducted on April 13th, 2012. Significantly, at the April 13, 2012, pretrial hearing, counsel for the Defendant moved to retest DNA materials to determine paternity.   (R.R. vol. 2, p. 8 )(C.R. p. 39). Subsequently, on April 16, 2012, Defense counsel formally filed his MOTION TO RE-TEST DNA OF PATERNITY.   (C.R. p. 39).   The Trial court did not rule on that request in the April 13th hearing.   At the pretrial hearing conducted on June 24 , 2013, defense counsel reurged the MOTION TO RETEST DNA OF PATERNITY. (R.R. vol. 4, p. 11).   The Judge overruled the motion.   *Id.* Defense counsel did  not object to the court's ruling.   Trial counsel presented no other objections during any of the pretrial hearings.   (Reporter's Record, vols. 2 & 3).   Failure to object waives any appellate complaint. TEX. R. APP. PROC., RULE 33.1.   Nevertheless, counsel presents the following potential ground for appeal.

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING APPELLANT'S MOTION FOR DNA PATERNITY TESTING.** (C.R. p. 39) (R.R. vol. 4, p. 11).

Appellant orally moved for retesting of DNA and also filed a MOTION TO RE-TEST DNA OF PATERNITY. (C.R. p. 39). The Trial court denied the Motion. (R.R. vol. 4, p. 11). In so ruling, the trial court abused its discretion and erred.

The State offered evidence concerning DNA paternity analysis of bucal swabs collected from the victim, the child and the Appellant. The State's witness Capt (R.R. vol. 5, p. 212) testified to her analysis of the DNA samples submitted to her. Her DNA analysis and testimony indicated that Appellant is the father of Lyndal Bernal's child, inferentially, conceived by the offense at bar. This was powerful evidence which corroborated Bernal's testimony identifying Appellant as her assailant. Contradictory paternity testimony based upon a retest of the DNA materials would have been significant rebuttal of the State's evidence of paternity.

TEXAS CODE OF CRIMINAL PROCEDURE, article 39.14(a), as effective at time of trial, governs discovery in this case. [1] There is no general right to discovery under the

---

[1] (a) Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the

13

United States Constitution. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Nevertheless, TEX. CODE CRIM. PROC., art. 39.14 expressly authorizes discovery of "tangible things not privileged," which should include DNA analysis of bodily fluids such as bucal swabs. By authority of the statute, Appellant should have been permitted to retest the DNA of the parties.

Discovery of evidence favorable to the defense.,and denial of discovery, implicate the Appellant's right to present a defense. A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rules. *Miller v. State*, 36 S.W.3d 503 at 507 (Tex. Crim. App. 2001), citing *Chambers v. Mississippi*, 410 U.S. at 302, 93 S.Ct. at 1038. Evidence is relevant if it is material and probative. *Miller v. State, supra*,at 507. Evidence is material if it addresses "any fact that is of consequence to the

---

defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, *objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action* and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees. Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

TEX. CODE CRIM. PROC., art. 39.14(a) (emphasis added).

determination of the action." *Id.,* at 507. Evidence is probative if it tends to make the existence of the fact "more or less probable than it would be without the evidence." *Id.* A trial court's exclusion of evidence for the defense will violate due process if the trial court's ruling erroneously excludes evidence that "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Miller v. State, supra* at 507, citing *Potier v. State,* 68 S.W.3d 657 at 663 (Tex. Crim. App. 2002).

The standard of review for this point of error is abuse of discretion. *Quinones v. State,* 592 S.W.2d 933 (Tex. Crim. App. 1980); *cf. Weatherred v. State,* 15 S.W.3d 540 (Tex. Crim.App. 2000). Article 39.14, TEX. CODE CRIM. PROC., "makes it clear that the decision on what is discoverable is committed to the discretion of the trial court." *Id.,* at 940. "The issue , then is whether the trial court abused its discretion in refusing to allow discovery . . . ." *Id.* The legal standard employed in determining whether the trial court abused its discretion in denying discovery is materiality. *Id., at* 941.

A request for discovery must be timely; otherwise the trial court does not abuse its discretion in denying such a motion. *Scott v. State,* 825 S.W.2d 521 (Tex.Ct.App.–Dallas, 1992). Significantly, at the April 13, 2012, pretrial hearing, counsel for the Defendant moved to retest DNA materials to determine paternity. (R.R.

15

vol. 2, p. 8 )(C.R. p. 39). Subsequently, on April 16, 2012, Defense counsel formally filed his MOTION TO RE-TEST DNA OF PATERNITY. (C.R. p. 39). The Trial court did not rule on that request in the April 13th hearing. At the pretrial hearing conducted on June 24 , 2013, the day of trial, defense counsel reurged the MOTION TO RETEST DNA OF PATERNITY. (R.R. vol. 4, p. 11). The Judge overruled the motion on the day of trial. *Id.* There is no record indication why retesting of the DNA was not accomplished between April 13 and June 24. The record is silent. A retested DNA result favorable to Appellant would have been material, relevant and probative. However, Appellate counsel cannot conscientiously assert that the trial Judge abused his discretion in overruling the request on the day of trial. The request was simply not timely. *See Scott v. State, supra.*

## II. THE INDICTMENT (Clerk's Record p. 6).

After diligent review, Appellate Counsel is unable to find any error in the indictment. Trial counsel for Appellant did not object to the form or substance of the indictment. Failure to object waives any appellate complaint concerning the indictment. TEX. CODE CRIM. PROC., art 1.14(b); *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App. 1990); TEX.R.APP.PROC., RULE 33.1. Appellate counsel diligently independently examined the indictment and identified no reversible error in the indictment. Significantly, the indictment contains an enhancement Paragraph which

alleges that Appellant was previously convicted of the felony offense of Sexual Assault. Appellant pled true to the enhancement allegation contained in the second paragraph of the indictment. (R.R. vol. 6, p. 8).

### III. *VOIRE DIRE* (R.R. vol. 4).

After diligent review, Appellate Counsel is unable to find any error in the *voire dire*. Trial counsel for Appellant did not object to the jury which was impaneled. The record contains no defense objections to any member of the venire. The record does not include a record of peremptory challenges exercised by defense counsel. The record of the *voire dire* proceedings does not indicate that any defense challenge for cause was denied. The record of the *voire dire* proceedings does not indicate that any member of panel was excused over defense objection. Defense counsel presented no objection to the *voire dire* proceedings. Nothing is present for review concerning *voire dire* in this case. TEX.R.APP.PROC., RULE 33.1.

### IV. OPENING STATEMENTS (R.R. vol. 5, pp. 13-18).

After diligent review, Appellate Counsel is unable to find any error in the opening statements of counsel. Defense counsel presented no objection to the State's opening statement. The trial court imposed no limitation on Defense counsel's opening statement. Defense counsel did not perfect any bill of exception concerning opening statements. Failure to object waives any appellate complaint concerning opening

statements. TEX.R.APP.PROC., RULE 33.1. After independent examination, appellate counsel perceives no reversible error in the opening statements.

**THE TRIAL ON GUILT OR INNOCENCE** (R.R. volume 5).

After diligent review, Appellate Counsel is unable to find any error in the trial on guilt or innocence. Trial counsel presented no objections the testimony which would present reversible error. Failure to object waives any appellate complaint. TEX. R. APP. PROC., RULE 33.1.

## VI.    THE COURT'S CHARGE (Clerk's Record, pp. 22-31).

There is no record evidence that Defense counsel presented any objection to the Court's Charge. Rather, trial counsel expressly waived any objection to the Court's Charge on guilt or innocence. (R.R. vol. 5, p.245). Appellate counsel is unable to identify any egregious, reversible error in the Court's Charge. *See Almanza v. State,* 686S.W.2d 157 (Tex.Crim.App.1984).

**VII. SUMMATION** (Final Arguments of Counsel) (R.R. vol. 5, pp. 246-256).

After diligent review, Appellate Counsel is unable to find any error in final argument. Trial counsel presented no objection to the State's final arguments. Accordingly, nothing is presented for review concerning summation. TEX.R.APP.PROC., RULE 33.1. Nevertheless, appellate counsel has independently

18

reviewed and studied summation and finds no reversible error. The State's argument was confined to permissible topics for summation.

## VIII. THE PUNISHMENT HEARING (R.R. vol. 6, pp. 5-14).

After diligent review of the appellate record evidence concerning punishment, Appellate Counsel is unable to find any error which he, in good faith, can urge warranting any form of relief for the Appellant. At the punishment hearing, copies of prior judgments of conviction against Appellant were admitted without objection. Defense counsel presented only one inconsequential objection during the punishment hearing. Failure to object waives any appellate complaint. TEX.R.APP.PROC., RULE 33.1.

## CONCLUSION AND PRAYER

After due diligence, Appellate Counsel concludes that the appeal is without merit.

WHEREFORE, PREMISES CONSIDERED, MIKE BROWN, counsel for Appellant, EDDIE JONES, prays leave to withdraw as counsel on appeal.

Respectfully submitted,

MIKE BROWN
1601 Broadway
Lubbock, Texas 79401
(806) 763-9493
fax (806) 744-5411
lwrbrown@nts-online.net
Attorney for the Appellant,
EDDIE JONES

/s/ Mike Brown
Mike Brown
State Bar of Texas No.03164750

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above and foregoing BRIEF FOR APPELLANT has been mailed to the Honorable JEFFREY FORD, Assistant Criminal District Attorney of Lubbock County, Texas, P.O. Box 10536, Lubbock, Texas, 79408, attorney for the State of Texas, on this, the_____ day of February, 2014.

S/ Mike Brown
Mike Brown

## CERTIFICATE OF SERVICE ON APPELLANT

This is to certify that a true and accurate copy of the above and foregoing *ANDERS* BRIEF FOR APPELLANT has been mailed to the Appellant, EDDIE JONES, TDCJ-ID no. TDCJ #1873637, TDCJ-ID Stiles Unit, 3060 FM 3514, Beaumont, TX 77705, on this date, the_____ day of February, 2014.

S/ Mike Brown
Mike Brown

## CERTIFICATE OF COMPLIANCE

Pursuant to TEXAS RULES OF APPELLATE PROCEDURE, RULE 9.4(i)(3), the undersigned certifies the brief complies with the type-volume limitations of Rule 9.4(i)(2)(B); 1) The brief contains 4426 words; 2) The brief has been prepared in proportionally spaced typeface using WordPerfect 9.0 in Times New Roman typeface and 14 point font size and 12 point font size for footnotes.

S/ Mike Brown
Mike Brown